**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Galina Pripilitsky, | No. CV-10-2222-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Corporation Service Company, a foreign corporation; DTRS Scottsdale, LLC, an Arizona limited liability company, | |
| Defendants. | |

Pending before the Court are the following motions: (1) a Motion to Amend Complaint (Doc. 7) filed by Plaintiff Galina Pripilitsky and (2) a Motion to Dismiss (Doc. 10)[1] filed by Defendant DTRS Scottsdale, LLC ("DTRS").[2] For the reasons stated herein, the

---

[1] Plaintiff's Amended Complaint (Doc. 6) and Second Amended Complaint (Doc. 7, Ex. 1) are identical with the exception that Plaintiff has replaced Corporation Service Company with Strategic Hotel Capital DTRS as a defendant. Although Defendant DTRS filed its Motion to Dismiss (Doc. 10) before the Court ruled on Plaintiff's Motion to Amend (7) and the Second Amended Complaint was filed, because the two complaints are substantively identical, the Court is construing Defendant's Motion to Dismiss as addressing the claims in Plaintiff's Second Amended Complaint. Additionally, Plaintiff has conceded that she incorrectly named Corporation Service Company as a defendant. (Doc. 7). Accordingly, Corporation Service Company is dismissed as a party to this case.

[2] Scottsdale Princess Partnership joined DTRS in its Motion to Dismiss, although the entity is not currently a party to this case. (Doc. 10).

Court grants Plaintiff's Motion to Amend and grants in part and denies in part Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff's Amended Complaint alleges the following. (Doc. 7, Ex. 1). Pripilitsky was employed as a nail technician by Defendant,[3] starting on January 28, 2005. Plaintiff reported to Mary Ann Einhorn. The Amended Complaint alleges that on several occasions Einhorn requested that Plaintiff perform nail services for her, for which Plaintiff was not paid. Plaintiff raised the issue of nonpayment with Einhorn, as well as with another manager, Trish Wagner. Following those discussions, the complaint alleges that Einhorn began treating her differently and using slurs, calling Plaintiff a "crazy Russian", "wild Russian", and telling her, "why don't you go back to Russia?" (*Id.*) Plaintiff asserts that, although she had not previously received negative comments on her annual reviews, she was subjected to "verbal and written warnings [for running late for client appointments] while other employees were not disciplined in any manner for falling behind schedule." (*Id.*).

Plaintiff alleges that on May 1, 2009, she submitted a written complaint of discrimination and retaliation to Spa Director Jill Eisenhut, but received no response. Two months later, Plaintiff allegedly was fired in retaliation for her complaint. Plaintiff subsequently filed a charge of discrimination based on national origin and retaliation with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1, Ex. 1). In that charge, Plaintiff complained that she was subjected to harassment and embarrassment by her supervisor, Einhorn, who demanded that she wear eye makeup. She stated that she was not paid for certain services she performed for Einhorn. She asserted that, after she complained about the nonpayment, Einhorn "subjected [her] to offensive and demeaning comments." (*Id.*). The charge states that she was terminated because she was 15 minutes late for an appointment, which she explains was due to a delay in providing services to another client.

---

[3] DTRS states in its Motion to Dismiss that, in fact, Plaintiff's former employer is Scottsdale Princess Partnership, which is not currently a party to this case, but appears to be represented by the attorneys representing DTRS. (Doc. 10).

1 Finally, the charge states that Plaintiff was told that this delay represented her third incident of warning. Plaintiff asserted that, in fact, "[t]wo of the three warnings came after [she] complained about [another supervisor's] dishonest booking of customers and not paying for the service." (*Id.*).

## DISCUSSION

### I. LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9thCir. 1998).

### II. TITLE VII CLAIMS

Plaintiff appears to be stating claims under Title VII for discrimination on the basis

1  of national origin, hostile work environment and retaliation. Under Title VII, an employer
2  may not "discriminate against any individual with respect to [her] compensation, terms,
3  conditions, or privileges of employment, because of [her] race, color, religion, sex, or
4  national origin." 42 U.S.C. § 2000e-2(a).

### A. Disparate Treatment: National Origin

Plaintiff contends that she was treated differently on account of her national origin and subjected to verbal and written warnings for behavior for which other employees were not disciplined. (Doc. 7, Ex. 1). To establish a prima facie case of discrimination, Plaintiff must show that she (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The proof required to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Nevertheless, Plaintiff "must offer evidence that 'give[s] rise to an inference of unlawful discrimination,' either through the framework set forth in *McDonnell Douglas* . . . or with direct or circumstantial evidence of discriminatory intent." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Plaintiff asserts that she is Russian and was discriminated against because of her national origin. Thus, Plaintiff alleges that she belongs to a protected class. Viewing the facts in light most favorable to Plaintiff, the Amended Complaint sufficiently alleges that she was qualified for her position–in fact her immediate supervisor was requesting her services as a nail technician. Additionally, Plaintiff was subjected to verbal and written warnings–which may have ultimately led to her dismissal–for behavior for which other similarly situated employees were not disciplined. Plaintiff contends that this disparate treatment by her supervisor, Einhorn, was based on her national origin. These warnings appear to have been given around the same time her supervisor allegedly began using derogatory statements

1 referring to her national origin. At this stage, Plaintiff has stated a claim of discrimination
2 based on national origin that survives Defendant's 12(b)(6) motion.

### B. Hostile Work Environment

Plaintiff alleges that she was subjected to an extremely hostile work environment, in which her immediate supervisor made several derogatory comments about her status as a Russian. To establish a hostile work environment, Plaintiff must show that she was subjected to unwelcome verbal or physical conduct that was severe or pervasive enough to alter the terms and conditions of her employment and create an abusive working environment. *See Vasquez*, 349 F.3d at 642; *see also Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002). "The working environment must both subjectively and objectively be perceived as abusive." *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)). To determine whether the alleged discriminatory conduct is sufficiently abusive, courts consider the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Harris*, 510 U.S. at 23). Plaintiff must also show that the abusive conduct occurred because of her membership in a protected class. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001).

The Supreme Court has stated that the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher*, 524 U.S. at 788t. Conduct must be "extreme" to constitute a hostile work environment. *Id.* Plaintiff's Amended Complaint states that her supervisor made offensive statements about Plaintiff's national origin and ridiculed Plaintiff for her accent. However, as a matter of law, "mere offensive utterance[s]" do not constitute conduct that is sufficiently "severe or pervasive to violate Title VII." *Vasquez*, 349 F.3d at 642; *see also Faragher*, 524 U.S. at 788 (reiterating that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of

- 5 -

1  employment.'" (internal citations and quotation marks omitted)). Although Plaintiff states
2  in a conclusory manner that she was subjected to an "extremely hostile work environment",
3  she does not provide many additional facts to support her claim. (Doc. 7, Ex. 1). Even if the
4  Court considers the disparate treatment referred to above, the facts asserted in Plaintiff's
5  complaint, without more detail, simply do not establish a claim that is plausible on its face.

### C. Retaliation

Title VII prohibits retaliation against an employee because she has opposed any employment practice made unlawful by Title VII, or because she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" related to Title VII enforcement. 42 U.S.C. § 2000e-3(a); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir. 1996). A plaintiff may assert a claim of retaliation by alleging facts that, if true, would demonstrate that: (1) she engaged in an activity protected by Title VII; (2) her employer subjected her to a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Vasquez*, 349 F.3d at 646. An action may be found to be materially adverse if it could "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).

In Plaintiff's Amended Complaint, she asserts that she was fired in retaliation for her complaint, in which she alleges she complained of "discrimination and retaliation to" the Spa Director. (Doc. 7, Ex. 1). However, as Defendant notes in its motion, in Plaintiff's EEOC charge, submitted in March 2010, she stated that she received warnings and was eventually fired after she complained of a supervisor's "dishonest booking of customers and not paying for the service." (Doc. 1, Ex. 1).

For the federal court to have jurisdiction over Title VII claims, a claimant must first exhaust her EEOC administrative remedies. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Id.* The EEOC charge must be construed "liberally," with the Court taking into consideration new claims that are "like

- 6 -

or reasonably related to the allegations contained in the EEOC charge." *Green v. L.A. Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (internal quotation marks omitted). A new claim is "like or reasonably related to allegations contained in a previous EEOC charge [if] the original EEOC investigation would have encompassed the additional charges."*Id.* at 1476.

Even construing Plaintiff's EEOC charge liberally, the basis of retaliation in the charge is not reasonably related to the allegations in Plaintiff's complaint. In the EEOC charge, Plaintiff asserts that Assistant Manager Rita Timmerman was acting dishonestly in booking customers and failing to pay for services rendered. Plaintiff alleges that she was terminated after receiving several warnings following her complaint about Timmerman. In her Amended Complaint, however, she asserts that Defendant retaliated against her two months after she submitted a written complaint of discrimination and retaliation following several derogatory comments made by Einhorn about her national origin. The claim asserted in the EEOC charge does not indicate that the complaint or subsequent retaliation was at all related to discrimination or the offensive statements made by Einhorn. Furthermore, the facts presented in the charge would not have put Defendant on notice of a Title VII claim because they would not have suggested that Plaintiff was engaged in protected activity under Title VII. *See Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) ("The charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." (internal quotation marks omitted)). Accordingly, Plaintiff's claim of retaliation is dismissed for failure to exhaust her administrative remedies.

## CONCLUSION

Plaintiff's claim of hostile work environment shall be dismissed for failure to state a claim. Her claim of retaliation is dismissed for failure to exhaust administrative remedies. Plaintiff's claim of discrimination based on national origin survives Defendant's 12(b)(6) motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 7) is **GRANTED**. The Clerk is directed to file Plaintiff's Second Amended Complaint attached

to her Motion to Amend (Doc. 7) and terminate Corporation Service Company from this action.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**.

DATED this 18th day of May, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge